UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| LARRY D. CLEMENS, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | No. 2:17-cv-02455 |
| | : | |
| ROBERT GILMORE,[1] | : | |
| | : | |
| Respondent. | : | |
| | : | |

# **O R D E R**

**AND NOW**, this 15th day of November, 2017, upon consideration[2] of the Petition for Writ of Habeas Corpus, ECF No. 1; the Report and Recommendation (R&R) of United States

---

[1] In his petition, Clemens names "Warden SCI Greene" as the respondent. Clemens is currently incarcerated at the Greene State Correctional Institution in Waynesburg, Pennsylvania ("SCI-Greene"). Robert Gilmore is the superintendent of SCI-Greene and is properly named as the respondent. *See* Rule 2(a) of the Rules Governing Section 2254 Cases (requiring the state officer with current custody to be named as the respondent).

[2] When neither party objects to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report, under de novo or any other standard. 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 152 (1985). Nevertheless, the United States Court of Appeals for the Third Circuit has held that it is better practice to afford some level of review to dispositive legal issues raised by the report. *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987), *writ denied* 484 U.S. 837 (1987). "When no objections are filed, the district court need only review the record for plain error or manifest injustice." *Harper v. Sullivan*, No. 89-4272, 1991 U.S. Dist. LEXIS 2168, at *2 n.3 (E.D. Pa. Feb. 22, 1991). *See also Hill v. Barnacle*, No. 15-3815, 2016 U.S. App. LEXIS 12370, at *16-17 (3d Cir. 2016) (holding that even when objections are filed, district courts "are not required to make any separate findings or conclusions when reviewing a Magistrate Judge's recommendation de novo under 28 U.S.C. § 636(b)"); *Oldrati v. Apfel*, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) (explaining that in the absence of a timely objection, the court should review the magistrate judge's report and recommendation for clear error). The district court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Magistrate Judge Elizabeth T. Hey, ECF No. 10; and Clemens's letter received November 6, 2017, ECF No. 12,[3] **IT IS HEREBY ORDERED THAT**:

1. The Report and Recommendation, ECF No. 10, is **APPROVED and ADOPTED**.

2. The petition for writ of habeas corpus, ECF No. 1, is **DISMISSED WITHOUT PREJUDICE**.

3. This case is **CLOSED**.

4. There is no basis for the issuance of a certificate of appealability.

5. The Clerk of Court shall mail a copy of the petition for writ of habeas corpus, ECF No. 1, to Clemens at the following address:

> Larry D. Clemens
> MA6615
> SCI-Greene
> 175 Progress Drive
> Waynesburg, PA 15370

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

[3] In his letter, Clemens does not object to Judge Hey's R&R, but requests only that this Court send him a copy of his petition for writ of habeas corpus so he can prepare a petition for relief under the Pennsylvania Post-Conviction Relief Act.